# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. POWERS AND JULIE ANNE POWERS, <br><br>   Plaintiffs, <br><br>  v. <br><br>DEERE & COMPANY, et al. <br><br>   Defendants. | CASE NO. 2:21-cv-5295 <br><br>Judge _____ <br><br>Jefferson County Court Case No. 21CV225 <br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant Deere & Company ("Deere"), a Delaware corporation, hereby removes the above-captioned matter from the Court of Common Pleas, Jefferson County, Ohio to this Court. In support of this removal, Deere states as follows:

## I. BACKGROUND

1. On or about July 16, 2021, Plaintiffs William J. Powers and Julie Anne Powers ("Plaintiffs") filed a Complaint in the case captioned *William J. Powers and Julie Anne Powers v. Deere & Company*, Case No. 21CV225, Court of Common Pleas, Jefferson County, Ohio, naming Deere and Ag-Pro Holdings Inc. ("Ag-Pro") and Kuester Implement Company Inc. ("Kuester"), an Ohio corporation, as Defendants. (A true and accurate copy of the Complaint together with all other process, pleadings, notices and orders served in the state action and a docket sheet, are attached hereto as Exhibit A).

2. Through their Complaint, Plaintiff, William Powers asserts product liability, negligence,[1] and breach of warranty claims against Deere, Ag-Pro, and Kuester, relative to injuries he purportedly suffered while using a lawn tractor manufactured by Deere and sold by Ag-Pro. Specifically, the Complaint alleges that Mr. Powers suffered severe and permanent injuries while operating a "X738 Signature Series John Deere Lawn and Garden Tractor" on July 18, 2019, when the tractor purportedly rolled down a hillside and flipped over, landing on him. (*See* Exhibit A, Complaint at ¶¶ 8, 15, 18-20).

3. The Complaint also includes a claim for loss of consortium asserted by Mr. Powers' wife, Julie Anne Powers.

4. On October 18, 2021, Plaintiffs voluntarily dismissed Kuester from the Jefferson County action without prejudice. (*See* Exhibit A at Stipulation of Substitution of Parties, and Dismissal Without Prejudice of Kuester Implement Company, Inc.).

## II. BASIS FOR REMOVAL

5. Pursuant to 28 USC §§ 1332 and 1441 *et seq.*, Deere hereby removes this civil action from the Court of Common Pleas, Jefferson County, Ohio, to the United States District Court for the Southern District of Ohio, Eastern Division. This Court has removal jurisdiction because this is a civil action brought in a state court of which the District Courts of the United States have original subject matter jurisdiction pursuant to complete diversity. 28 USC §§ 1441(a), (b). The district court has original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00) and (2) is between citizens of different states. 28 USC § 1332(a).

---

[1] Although Mr. Powers' negligence claim is not viable against Deere under R.C. 2307.71(B) of the Ohio Product Liability Act (abrogating common law product liability claims), Mr. Powers may assert this claim against the alleged supplier of the tractor at issue under R.C. 2307.78.

6. On October 18, 2021, Kuester was dismissed from the Jefferson County action without prejudice.

7. Consequently, this action now involves a controversy between citizens of different states under 28 USC § 1332(a)(1), as shown below:

    a. Plaintiffs' Complaint alleges that Plaintiffs are husband and wife and that at the time of filing their Complaint, they resided in Mingo Junction, Jefferson County, Ohio. (*See* Exhibit A, Complaint at ¶ 1). Thus, Plaintiffs are citizens of the State of Ohio.

    b. At the time of the filing of this Notice and at the time Plaintiffs filed the Jefferson County action, Deere was incorporated in the State of Delaware, with its principal place of business in the State of Illinois. Thus, Deere is a citizen of the State of Delaware and the State of Illinois within the meaning of 28 USC § 1332(c)(1).

    c. Ag-Pro Ohio LLC (*improperly identified in Plaintiffs' Complaint as Ag-Pro Holdings Inc.*) was at the time of the filing of this Notice and at the time Plaintiffs filed the Jefferson County action incorporated in the State of Florida, with its principal place of business in the State of Georgia. Thus, Ag-Pro is a citizen of the State of Florida and the State of Georgia within the meaning of 28 USC § 1332(c)(1).

8. Further, the matter in controversy is reasonably believed to exceed Seventy-five Thousand Dollars ($75,000.00). The pleadings demonstrate that Plaintiffs are claiming damages in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, for the following reasons:

    a. As to each claim and count therein, Plaintiffs' Complaint separately requests "an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees[.]". (*See* Exhibit A, Complaint at pgs. 5-10).

b. Further, Plaintiffs allege that as a result of the incident, Mr. Powers suffered "severe injuries, some of which may be permanent in nature," including a left distal femur fracture; scalp laceration; chest pain; abdominal pain; permanent disfigurement; and severe physical limitations. The Complaint alleges that as a result of these injuries, Mr. Powers has and will incur damages comprised of past and future medical expenses, pain and suffering, loss of enjoyment of life, impairment, and "serious, severe, and potentially permanent injuries." (*Id*. at ¶¶ 17-18).

c. Additionally, Plaintiffs allege that as a direct and proximate result of Defendants' alleged conduct, Mrs. Powers has suffered "severe mental anguish and emotional distress, all of which have been and will in the future be to her great financial damage and loss," and has been deprived of the "society, love and affection of her husband." (*Id.* at ¶¶ 51-52).

d. Accordingly, "a fair reading" of Plaintiffs' Complaint demonstrates that the aggregate value of the claims against all Defendants exceeds $75,000.00, and, therefore, the amount in controversy requirement is satisfied. *See Mullan v. Penske Auto. Grp., Inc.*, No. 1:16CV2989, 2017 WL 3446220, at *1 (N.D. Ohio Aug. 11, 2017) (determining that "[t]he amount in controversy exceed[ed] $75,000 because Plaintiff s[ought] damages in excess of $25,000 on each of her four claims, plus punitive damages and attorney fees"); *Varney v. InfoCision, Inc.,* No. 2:13-CV-346, 2013 WL 3223394, at *2 (S.D. Ohio June 25, 2013) ("The removing defendant may carry its burden by 'demonstrat[ing], through a fair reading of the plaintiff's complaint, that the unspecified damages sought will exceed $75,000 if proven.'") (quoting *Davis v. Kindred Nursing Ctrs. E., L.L.C.,* 2:05–cv–1128, 2006 WL 508802 (S.D. Ohio Mar. 2, 2006)); *Buckeye Recyclers v. CHEP USA,* 228 F.

Supp. 2d 818, 821 (S.D. Ohio 2002) (observing that the defendant could avoid remand by demonstrating that "it is more likely than not that the aggregate value of [plaintiff's] claims exceed $75,000.00") (citing *Gafford v. Gen. Electric Co.,* 997 F.2d 150, 158 (6th Cir. 1993)).

9. Accordingly, as set forth above, this Court has original jurisdiction over the subject matter based on complete diversity of Plaintiffs and Defendants Deere & Company and Ag-Pro Ohio LLC pursuant to 28 USC § 1332.

### III. PROCEDURAL ISSUES RELATED TO REMOVAL

10. On October 18, 2021, Kuester was dismissed from the Jefferson County action without prejudice. This Notice of Removal is being filed within thirty (30) days of Kuester's dismissal from the Jefferson County action and less than one year after Plaintiffs filed their Complaint. Thus, this Notice of Removal is being timely filed under 28 USC §§ 1446(b)(3), (c)(1).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where [the state] action is pending."

12. In accordance with 28 U.S.C. §§ 1446(b)(2)(A), (C), Ag-Pro Ohio LLC has consented to the removal of the Jefferson County action to this Court, satisfying the rule of unanimity. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004).

13. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, is also being served on Plaintiffs' counsel contemporaneously with this filing and will be filed (without attachments) with the Clerk of the Court of Common Pleas, Jefferson County, Ohio, as required by 28 U.S.C. § 1446(d).

14. All procedural requirements for removal under 28 U.S.C. §§ 1441 and 1446 have been satisfied.

**WHEREFORE**, pursuant to 28 USC §§ 1332 and 1441 *et seq.*, Defendant Deere & Company respectfully requests that this action be removed from the Court of Common Pleas, Jefferson County, Ohio, to the United States District Court, Southern District of Ohio, Eastern Division.

    Respectfully submitted,

*/s/ Richard T. Coyne*
Richard T. Coyne (0042405)
rtcoyne@wegmanlaw.com
Jessica L. MacKeigan (0087121)
jlmackeigan@wegmanlaw.com
WEGMAN HESSLER LPA
6055 Rockside Woods Blvd., Suite 200
Cleveland, Ohio 44131
(216) 642-3342
(216) 642-8826 (Facsimile)

*Attorneys for Defendant, Deere & Company*

And

*/s/ Jonathan P. Saxton (by email consent)*
Jonathan P. Saxton, Esq. (0042280)
JSaxton@rendigs.com
Jessica L. Worth, Esq. (0090428)
JWorth@rendigs.com
Rendigs, Fry, Kiely & Dennis, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Telephone: 513 381 9200
Facsimile: 513 381 9206

*Attorneys for Defendant,
Ag-Pro Ohio LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Notice of Removal* was filed electronically, sent via email and deposited in the ordinary U.S. Mail this 12th day of November 2021 and addressed to:

MARK F. McKENNA, ESQUIRE
McKenna & Associates, P.C.
436 Boulevard of the Allies
Suite 500
Pittsburgh PA 15219
*Attorneys for Plaintiffs,*
*Willian J Powers and Julie Anne Powers*

And

Jonathan P. Saxton, Esq.
JSaxton@rendigs.com
Jessica L. Worth, Esq.
JWorth@rendigs.com
Rendigs, Fry, Kiely & Dennis, LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
*Attorneys for Defendant,*
*Ag-Pro Ohio LLC*

*/s/ Richard T. Coyne*
Richard T. Coyne (0042405)
*Attorney for Defendant, Deere & Company*