## COURT OF COMMON PLEAS, JEFFERSON COUNTY, OHIO

| | |
|---|---|
| WILLIAM J. POWERS and JULIE ANNE POWERS, husband and wife, 216 Summit Avenue Mingo Junction, OH 43938,<br><br>PLAINTIFFS,<br><br>vs.<br><br>DEERE & COMPANY c/o CT Corp 1300 East Ninth Street Cleveland, OH 44114<br><br>And<br><br>AG-PRO HOLDINGS, INC. c/o Corporation Service Company 2 Sun Court, Suite 400 Peachtree Corners, GA 30092<br><br>And<br><br>KUESTER IMPLEMENT COMPANY, INC. c/o William F. Blake, Jr. 4110 Sunset Boulevard Steubenville, OH 43952<br><br>DEFENDANTS. | CASE NO.<br><br>Judge: 21CV225<br><br>**COMPLAINT**<br><br>*Joseph J Bruzzese Jr.* (signature)<br><br><br><br>**JURY TRIAL DEMANDED** |

(Filed stamp: COMMON PLEAS COURT, 2021 JUL 15 P 4:08)

### COMPLAINT

AND NOW, come Plaintiffs, William J. Powers and Julie Anne Powers, by and through their attorneys, McKENNA & ASSOCIATES, P.C., and file the following Complaint, and in support thereof aver as follows:

1. Plaintiffs, William J. Powers and Julie Anne Powers (hereinafter referred to collectively as "Plaintiffs" and individually as "Plaintiff-Husband" and "Plaintiff-Wife",

respectively), are husband and wife who reside at 216 Summit Avenue, Mingo Junction, Jefferson County, Ohio 43938.

2. Defendant, Deere & Company (hereinafter referred to as "Defendant Deere") is a Delaware corporation with its headquarters located at One John Deere Place, Moline, Illinois 61265.

3. Defendant, AG-PRO Holdings, Inc., is a Florida corporation with its headquarters located at 19595 US-84, Boston, Georgia 31626.

4. Defendant, Kuester Implement Company, Inc., is an Ohio corporation with its principal business office located at 1436 Street Route 152, Bloomingdale, Ohio 43910.

5. Defendant, AG-PRO Holdings, Inc. and Defendant, Kuester Implement Company, Inc. are hereinafter referred to, collectively, as "Defendants Supplier".

6. At all times relevant hereto, Defendants Supplier owned and operated a John Deere store located at 47690 Reservoir Road, St. Clairsville, Ohio 43950 (hereinafter the "Defendants' Store").

7. At all times relevant hereto, Defendants Supplier sold an X738 Signature Series John Deere Lawn and Garden Tractor to Plaintiff-Husband.

8. At all times relevant hereto, Defendant Deere was in business of designing, developing, engineering, manufacturing, assembling, testing, inspecting, wholesaling, and distributing lawn equipment, including X738 Signature Series John Deere Lawn and Garden Tractors (hereinafter the "Tractor"), to be sold and used by members of the general public.

9. As part of its business, said Defendant Deere designed, developed, engineered, manufactured, assembled, tested or failed to test, inspected or failed to inspect, wholesaled, distributed and/or sold the Tractor at issue in this Compliant.

10. At all times relevant hereto, Defendants Supplier were in the business of selling lawn care equipment, including the Tractor.

11. At all times pertinent hereto, Defendant Deere and Defendants Supplier (hereinafter referred to, collectively, as "Defendants") acted through their duly authorized agents, servants and employees, who were then in the course and scope of their employment and in furtherance of the business of Defendants.

12. At all times pertinent hereto, Defendants were or are engaged in the business of manufacturing and/or supplying lawn care equipment, including the Tractor.

13. At all times pertinent hereto, the Tractor was manufactured, distributed, sold and supplied by Defendants and reached the Plaintiff-Husband without any substantial change in the condition of the Tractor from the time that it was manufactured to the time that it was sold.

14. On July 18, 2019, Plaintiff-Husband purchased the Tractor at the Defendants Supplier's Store.

15. On July 18, 2019, upon purchase of the Tractor, Plaintiff-Husband transported it to his home.

16. On the aforesaid date, following transport, Plaintiff-Husband watched the instructions video pertaining to the operation of the Tractor and began to operate the Tractor.

17. After Plaintiff-Husband made one lap around his lawn, the Tractor's engine stalled when Plaintiff-Husband was cutting a hillside on his property.

18. Upon stalling, the Tractor freewheeled backwards down the hillside with Plaintiff-Husband still sitting on it.

19. As the Tractor picked up the speed freewheeling down the hillside, it flipped over and landed on top of Plaintiff-Husband, causing him to sustain the following severe injuries, some of which may be permanent in nature:

   a. Left distal femur fracture;

   b. Scalp laceration;

   c. Chest pain;

   d. Abdominal pain;

   e. Permanent disfigurement;

   f. Severe physical limitations.

18. As a direct and proximate result of the negligent and careless conduct of Defendants, Plaintiff-Husband has in the past and may in the future sustain the following damages:

   a. Pain, anxiety, suffering, inconvenience, embarrassment and mental anguish;

   b. Serious, severe, and potentially permanent personal injuries;

   c. Medical expenses;

   d. Continuing medical care and treatment;

   e. Loss of the enjoyment of life;

   f. Limitations in his normal daily activities;

   g. Impairment of health, strength, and vitality.

## COUNT I
## STRICT LIABILITY
### *William J. Powers and Julie Anne Powers v. Deere & Company*
### (Defective Manufacturer Construction)

19. Plaintiffs hereby incorporate by reference hereto paragraphs 1 and 18, inclusive, as if set forth more fully herein at length.

20. Defendant Deere is a manufacturer under Ohio Revised Code § 2307.71, *et seq.*

21. Upon information and belief, the Tractor was designed, developed, engineered, manufactured, assembled, tested or failed to be tested, inspected or failed to be inspected, wholesaled, distributed and/or sold by Defendant Deere.

22. The Tractor at issue in this Complaint was defective in its manufacture and/or construction.

23. As a direct and proximate result of the defects in the manufacture and/or construction of the Tractor, Plaintiff-Husband suffered injuries and damages as set forth above.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendant, Deere & Company, and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

## COUNT II
## STRICT LIABILITY
### *William J. Powers and Julie Anne Powers v. Deere & Company*
### (Defective Design/Formulation)

24. Plaintiffs incorporate by reference hereto paragraphs 1 through 23, inclusive, as if set for the more fully herein at length.

25. Defendant Deere is a manufacturer under Ohio Revised Code § 2307.71, *et seq.*

26. Upon information and belief, the Tractor was designed, developed, engineered, manufactured, assembled, tested or failed to be tested, inspected or failed to be inspected, wholesaled, distributed and/or sold by Defendant Deere.

27. The Tractor at issue in this Complaint was defective in its design and/or formulation.

28. As a direct and proximate result of the defects in the design and/or formulation of the Tractor, Plaintiff-Husband suffered injuries and damages as set forth above.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendant, Deere & Company, and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

## COUNT III
## STRICT LIABILITY
*William J. Powers and Julie Anne Powers v. Deere & Company*
**(Inadequate Warnings)**

29. Plaintiffs incorporate by reference hereto paragraphs 1 through 28, inclusive, as if set for the more fully herein at length.

30. Defendant Deere is a manufacturer under Ohio Revised Code § 2307.71, *et seq.*

31. Upon information and belief, the Tractor was designed, developed, engineer, manufactured, assembled, tested or failed to be tested, inspected or failed to be inspected, wholesaled, distributed and/or sold by Defendant Deere.

32. The Tractor at issue in this Complaint was defective due to inadequate warnings and/or instructions.

33. As a direct and proximate result of the defects in the Tractor, Plaintiff-Husband suffered injuries and damages as set forth above.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendant, Deere & Company, and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

## COUNT III
## STRICT LIABILITY
*William J. Powers and Julie Anne Powers v. AG-PRO Holdings, Inc. and Kuester Implement Company, Inc.*
**(Supplier Liability)**

34. Plaintiffs incorporate by reference hereto paragraphs 1 through 33, inclusive, as if set for the more fully herein at length.

35. Defendants Supplier are suppliers, as that term is used in Ohio Revised Code §2307.71, *et seq.*, of the Tractor and/or at issue in this Complaint.

36. Defendants Supplier were engaged in the business and profession of selling, distributing, inspecting, testing, marketing, warranting and advertising Defendant Deere's products including the Tractor that Defendants Supplier knew or should have known would be used without inspection for defects or dangers inherent in the Tractor.

37. The defects existed at the time the Tractor was in Defendant Supplier's custody and control.

38. The Tractor was expected to and did reach Plaintiff-Husband without substantial change in its condition from the time of any testing, manufacturing, sale or transport.

39. At all relevant times, the Tractor was unreasonably dangerous and defective for use by human beings because, among other reasons, it was sold without adequate warnings about the possibility of its stalling and freewheeling on the hills causing severe injuries to its operator.

40. At all relevant times, the Tractor was sold in a condition which rendered it unsafe

for use as intended and other than as represented by Defendants Supplier.

41. When the Tractor left the control of Defendants Supplier, the Tractor did not conform to representations made by Defendants Supplier.

42. Defendants Supplier's representations and failure to conform to the representations were a direct and proximate cause of the injuries and damages suffered by the Plaintiff-Husband as set forth above.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendants, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc., and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

## COUNT IV
## NEGLIGENCE
*William J. Powers and Julie Anne Powers v. Deere & Company, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc.*

43. Plaintiffs incorporate by reference hereto paragraphs 1 through 42, inclusive, as if set for the more fully herein at length.

44. The above-named Defendants, acting through their agents, servants and employees, are liable to Plaintiffs, jointly and/or severally, for being generally negligent in failing to provide a safe product and for vicariously and negligently installing, distributing, supplying, manufacturing and selling the Tractor so as to cause injuries to Plaintiff-Husband.

45. Defendants negligently failed to warn Plaintiff-Husband and people similarity situated about the defective and/or potentially dangerous propensities of the Tractor.

46. Defendants negligently failed to label and/or identify the Tractor so as to properly instruct and/or warn Plaintiff-Husband and people similarly situated regarding the potentially

dangerous propensities of the Tractor.

47. As a direct and proximate result of the negligence of Defendants, Plaintiff-Husband has suffered injuries and damages as set forth above.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendants, Deere & Company, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc., and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

## COUNT V
## BREACH OF WARRANTY
*William J. Powers and Julie Anne Powers v. Deere & Company, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc.*

48. Plaintiffs incorporate by reference hereto paragraphs 1 through 47, inclusive, as if set for the more fully herein at length.

49. Plaintiffs believe and aver that the direct and proximate cause of the aforesaid injuries and damages was a breach of warranty, including express warranties, implied warranties of fitness for a particular purpose and implied warranty of merchantability, by Defendants and, in particular, by providing Plaintiff-Husband with an item of equipment with such a defective condition as described above.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendants, Deere & Company, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc., and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

## COUNT VII
## LOSS OF CONSORTIUM
*Julie Anne Powers v. Deere & Company, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc.*

50. Plaintiffs incorporate by reference hereto paragraphs 1 through 49, inclusive, as if set for the more fully herein at length.

51. As a direct and proximate result of Defendants' conduct as set forth above, which resulted in injuries to her husband as set forth above, Plaintiff-Wife has suffered severe mental anguish and emotional distress, all of which have been and will in the future be to her great financial damage and loss.

52. As a further result of the acts complained of, Plaintiff-Wife was deprived of the society, love and affection of her husband.

WHEREFORE, Plaintiffs, William J. Powers and Julie Anne Powers, demand that judgment be entered against Defendants, Deere & Company, AG-PRO Holdings, Inc. and Kuester Implement Company, Inc., and an award of compensatory damages in an amount in excess of $25,000.00, along with costs, expenses and attorney fees, and any and all other relief the Court may deem just and equitable.

Respectfully submitted,
McKENNA & ASSOCIATES, P.C.

BY: _____
MARK F. McKENNA, ESQUIRE
*Attorneys for Plaintiffs, Willian J. Powers and Julie Anne Powers*
Ohio I.D. # 0083419
436 Boulevard of the Allies
Suite 500
Pittsburgh PA 15219
(412) 471-6226
(412) 471-6658 FAX
mfm@mckennaandassociates.com